**CASE NO. 21-1855**

# IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
## FOR THE FOURTH CIRCUIT

───────────────────

KENNETH ROBINSON; CHRISTOPHER HALL,

*Plaintiffs - Appellants,*

v.

PRIORITY AUTOMOTIVE HUNTERSVILLE, INC.,
d/b/a Priority Honda Huntersville; JAMES BECKLEY*,*

*Defendants - Appellees.*

───────────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

───────────────────

**REPLY BRIEF OF APPELLANT**

───────────────────

Alesha S. Brown
JUSTICE IN ACTION LAW CENTER
521 Briar Creek Road
Charlotte, NC 28205
704-500-0197
abrown@justiceinactionlaw.com

*Counsel for Appellants*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................... iii

ARGUMENT .............................................................................................1

I.    Appellees' Arguments Regarding Appellants' Unlawful Demotion Claims Fail and Dismissal of Such Claims Was Error ...........1

II.    Appellees' Arguments Regarding Appellants' Hostile Work Environment and Constructive Discharge Fails and Dismissal of Such Claims was Error ................................................................4

    A.  The District Court's Findings Regarding Appellants' Working Conditions and the Severity of the Conditions Was Erroneous ...............4

    B.  The District Court Erroneously Concluded Appellees Took Prompt and Effective Remedial Action ......................................................6

III.    Appellees' Arguments Regarding Appellants' Negligent Infliction of Emotional Distress Claims Fail and Dismissal of Such Claims Was Error ...........................................................8

IV.    Appellees' Arguments Regarding Appellants' Negligent Hiring, Supervision and Retention Claims Fail and Dismissal of Such Claims Was Error ...........................................................9

V.    Appellees' Arguments Regarding Appellants' Conversion Claims Fail and Dismissal of Such Claims Was Error ......................................10

CONCLUSION.......................................................................................10

CERTIFICATE OF COMPLIANCE....................................................12

i

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Randall v. Prince George's County, Md.*,
  302 F.3d 188, 201 (4th Cir. 2002) ..................................................... 2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 249 (1986) ................................................................. 4

## **ARGUMENT**

I.  **Appellees' Arguments Regarding Appellants' Unlawful Demotion Claims Fail and Dismissal of Such Claims Was Error**

Appellees' argument that Appellees only "felt" they were demoted fails and is contrary to the evidence in the record. Appellee Hall testified that Quinton Alston, Kyle Vasquez, Mike Gaston, Wallah Richardson, and Robert Gathers told him they had been instructed by Beckley to not bring sales to Appellees who were sales managers. [JA 733]. Quinton Alston declared that Beckley instructed him and other salesmen to take deals to other managers. [JA 1124]. Appellee Robinson also testified that salesmen told him Beckley instructed them to not bring deals to him or Appellee Hall. [JA 110-11, 926-27]. Further, it is undisputed that Appellant Robinson was eventually presented with a blue slip as a formality to memorialize his unlawful demotion, which clearly demonstrates Appellees did not just "feel" they were demoted, but were in fact demoted upon Beckley's arrival. [JA 872-73]. Had the lower court viewed this evidence in a light most favorable to Appellants it would have, *at minimum*, found there was a material issue of fact regarding whether Beckley instructed salesmen to not take deals to Appellants- a material issue in determining whether Appellants were demoted upon Beckley's arrival.  Also, just because Appellants did not receive a reduction in pay does not mean they were not demoted. Further, Appellant Robinson did not testify he would not have been

1

bothered by any demotion and Appellees did not cite to any testimony from Appellant Robinson stating such.

Appellees' contention that there is no evidence that supports Appellants' demotion occurring under circumstances permitting a reasonable inference of race discrimination fails because of all of the occurrences previously listed in Appellants' Opening Brief. [Appellant Br. 19-20]. Appellees conveniently characterize Beckley's unlawful actions as simply rearranging the store. [Appellee Br. 25]. However, the evidence presented by Appellants demonstrates Beckley did not rearrange the store in a way that affected all employees. He rearranged the store, took away Appellants' desks where they closed deals, called them thugs[1], told salesmen not to take sales to Appellants, threw away their belongings without reason and more. Rearranging a store did not require Beckley to treat Appellants the way he did and to take away their core job duties and working space without reason. Rearranging a store also did not require Beckley to instruct salesmen to not take

---

[1] Appellants argument regarding the admissibility of evidence is meritless as Appellants have offered evidence and testimony from witnesses and would call all witnesses to testify at trial about Beckley's discriminatory statements and actions, which would be admissible at trial. In fact, Kyle Vasquez's deposition testimony was taken during discovery. *See Randall v. Prince George's County, Md.*, 302 F.3d 188, 201 (4th Cir. 2002) ("we will uphold an award of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

deals to Appellants, throw away their belongings, or refer to Appellants as thugs. Simply put, the narrative that Beckley simply rearranged the store in a way that impacted all employees is false and the evidence was not viewed in a light most favorable to Appellants.

Further, Appellees' arguments regarding Appellants' job performance fails because they have not, and cannot, present any evidence that Appellants were not performing exceptionally when Beckley became General Manager. Appellees seem to contend that Appellants were demoted because they "sat around and watched desks be reorganized." [Appellee Br. 26]. This argument fails because the only reason Appellants could not perform their jobs as sales managers is because all salesmen were instructed to not take sales to Appellants, which was their job. [JA 110-11, 926-27]. Appellants cannot unlawfully take away Appellants' jobs and duties and then argue that Appellants not performing their job was the basis of their demotion. Further, Appellants' claims are that they, as the two (2) black sales managers, were demoted as soon as Beckley became General Manager and that was unlawful and discriminatory. Appellees have not and cannot provide any legitimate business reason for Beckley demoting Appellants by instructing salesmen to not take them deals as soon as he became General Manager even though Appellants' performance was exceptional. If Appellees did offer any reason, which they have not, there is sufficient evidence in the record for a reasonable jury to determine any

reason was merely pretextual because Beckley demoted Appellants before he spoke with them or could evaluate their performance as sales managers. Therefore, the lower court erred in dismissing Appellants' unlawful demotion claims.

## II. Appellees' Arguments Regarding Appellants' Hostile Work Environment and Constructive Discharge Claims Fail and Dismissal of Such Claims Was Error

### A. The District Court's Findings Regarding Appellants' Working Conditions and The Severity of the Conditions Was Erroneous

Appellees properly characterized the District Court's erroneous ruling as finding that Appellants' evidence "were either not true or lacked any race-based intent or nexus" and those actions of the District Court are error. At summary judgment, the District Court is required to determine whether genuine issues of material fact exist, not determine which evidence it believes to be true or race-based when there are genuine issues of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (A court's function at summary judgment "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial).

Here, the record demonstrates there are several disputed facts that are material to Appellants' hostile work environment claims. For instance, (1) Beckley calling Appellants and other black employees thugs; (2) Beckley telling Kyle Vasquez to take Appellants and another black employee with him when he resigned;

4

(3) Beckley telling salesmen not to take deals to Appellants, the dealership's two (2) black sales managers on his first day as General Manager; (4) Beckley throwing, and/or instructing employees to throw, Appellants' personal belongings away into the dumpster; (5) a white employee saying "come to the white side" because they were "back in power" and more. Appellants have offered evidence of all of these occurrences and Beckley conveniently denies them all, thereby creating genuine issues of material fact. As demonstrated int the Opening Brief, Appellants presented a plethora of evidence that demonstrates these issues only happened to them and that Beckley did not treat non-African American sales managers the way he treated Appellants. It is for a jury to consider the evidence presented and decide whether the multiple occurrences occurred because Appellants are African-American, and, with the overwhelming evidence, a reasonable jury could find that such occurrences did occur because Appellants are African-American.

Further, Appellees' and the District Court's argument that there is no nexus between the occurrences Appellants complain of and their race is without merit because the evidence in the record demonstrates these occurrences only happened to Appellants, the black sales managers at the time. [Appellant Br. 6, 11, 12, 14-15]. The circumstantial evidence presented should have been viewed in a light most favorable to Appellants and sent to a jury to decide the material issues of fact. Because this did not occur, the District Court's ruling is erroneous. Appellees'

argument that "Appellants allege they know Beckley's conduct was because of their race because *they know* how white people in general act and *they know* a white man like Beckley would not do these things to another white man" is blatantly false and not cited to in the record because such allegations do not exist. [Appellee Br. 31]. A review of the record at the pages cited by Appellant does not include any such statement from either Appellant. [JA 498-99].

Appellees' arguments regarding the Gathers recording fail because Gathers' race does matter when viewed under the totality of the circumstances. And, although Gathers provided a statement at Appellees' request and as Appellees' employee, Appellants both testified under oath that playing the recording was not standard or necessary and that Gathers was in tears after the recording was played. [JA 737-41, 833-35].

**B. The District Court Erroneously Concluded Appellees Took Prompt and Effective Remedial Action**

Appellees argue an "employer's obligation is to take prompt and remedial action reasonably calculated to end the harassment." [Appellee Br. 35]. Using this standard, the District Court should not have granted summary judgment because a reasonable jury could find that (1) Priority Honda did not take prompt action; and (2) the remedial action taken by Priority Honda was not reasonably calculated to end the harassment. First, Priority Honda did not respond to Appellants' complaints

6

"within minutes of learning of Appellants' initial complaints." Appellants both testified that they reported concerns to Human Resources and Management several times on several days before Ulmer responded to their written complaint. [JA 111-12]. Appellant Robinson testified "[] I had already said that already. That had already been stated on that Friday and on that Saturday. And now we're back on Monday, and this type of behavior is still existing in the dealership where you are paid only by performance." [JA 111-12]. Appellees contend Appellants reported issues for the first time on same date they received a complaint from Appellants. [Appellee Br. 36]. Thus, the parties have presented contradicting evidence regarding the complaints made by Appellants and when such complaints were made, which is a genuine issue of material fact regarding whether Priority Honda took prompt remedial action. Thus, it was error for the District Court to believe Appellees' evidence over Appellants' evidence in the record.

Second, it was also error for the District Court to find that Priority Honda's alleged remedial action was reasonably calculated to end the harassment. Priority Honda cannot explain its lackluster investigation with the argument that "nothing about Appellants' initial complaints or follow-up conversations put Ulmer on notice that Vasquez, Quinton Alston, or Michael Gaston would have relevant information." [Appellee Br. 36]. This statement is clearly false as both Appellants included the thug incident in the written complaints they submitted after making several previous

7

complaints. [JA 1524-1528]. Appellant Robinson clearly stated in his written complaint "My final complaint is based off a conversation that the general manager James Beckley had with salesman Kyle Vasquez in which he asked him why he was outside talking to those 'thugs, . . ." [JA 1525]. And Appellant Hall referenced the thug comment in his complaint as well. [JA 1527]. Accordingly, a reasonable jury could find that the lackluster investigation coupled with blindsiding Appellants into meeting with the same person causing their harm and trauma without notifying them that he would be present was not reasonably calculated to end the harassment, but rather exacerbated the issue. A reasonable jury could also find that demoting Appellants and not reprimanding Beckley was not reasonably calculated to end the harassment. Importantly, contrary to Appellees' contentions, Appellees did not provide Appellants with any redress to their issues, which is why Appellants had to constructively discharge. Accordingly, the District Court erred in dismissing Appellants' hostile work environment and constructive discharge claims.

**III.  Appellees' Arguments Regarding Appellants' Intentional Infliction of Emotional Distress Claim Fails and Dismissal of Such Claims Was Error**

Appellees argue the majority of the occurrences offered by Appellants and supported with evidence from third-parties were "completely debunked." [Appellee Br. 38]. Appellees' contention is untrue and contrary to the evidence that was before the District Court. In fact, Appellees fail to offer how each of the "eight (8)

8

occurrences" were debunked. [Appellee Br. 38]. Appellants did not simply experience "confusion and uncertainty." [Appellee Br. 38]. Appellants experienced discriminatory actions and provided evidence supporting their claim, including evidence from third parties. The District Court did not review this evidence in a light most favorable to Appellants, which was error.

## IV.  Appellees' Arguments Regarding Appellants' Negligent Hiring, Retention and Supervision Claims Fail and Dismissal of Such Claims Was Error

Appellees' argument regarding Beckley's previous discriminatory actions at Scott Clark Honda fails because Hall testified that Beckley's previous actions was based on *his knowledge and* things he had been told from other Scott Clark Honda employees. [JA 746]. Hall testified that he had direct knowledge of Beckley's previous negligent and discriminatory actions and such knowledge is admissible evidence that a reasonable jury could find demonstrates Priority Honda knew or should have known of Beckley's incompetence and inherent unfitness. And, even if Priority did not know about Beckley's prior discriminatory actions, which they knew or should have known of, it was negligent for Priority Honda to retain Beckley as General Manager without reprimand or corrective action after the many discriminatory occurrences that led to Appellants' constructive discharge, as well as Kyle Vasquez and Quinton Alston's resignation [JA 1125, 1376]. Appellees' argument that there is no precedent that supports intentional discrimination

9

constituting incompetence under North Carolina is shocking and fails because a reasonable jury could find that hiring a General Manager who has a track record in engaging in discriminatory actions is negligent. Therefore, the District Court granting Appellees summary judgment is erroneous and should be overturned.

**V.    Appellees' Arguments Regarding Appellants' Conversion Claims Fail and Dismissal of Such Claims Was Error**

Appellees' argument that Plaintiffs' evidence that Beckley unlawfully threw away their belongings, or instructed employees to throw away their belongings, is hearsay again fails because Appellants have direct knowledge that they returned to work on the next day and their belongings were no longer there and they knew Beckley had stayed late. [JA 632, 941]. A reasonable jury could find that Dani Poli confirming that Beckley threw away Appellants' belongings supports Appellants' claims. Accordingly, the District Court's dismissal of Appellants' claims was error and should be reversed.

## <u>CONCLUSION</u>

For the foregoing reasons, this honorable court should REVERSE the District Court's Order granting summary judgment and remand for further proceedings.

Respectfully submitted this the 29th day of November 2021,

**JUSTICE IN ACTION LAW CENTER**

**/s/: Alesha S. Brown**
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Counsel for Appellants*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record hereby certifies that pursuant to Federal Rule of Appellate Procedure Rule 32(a), that the foregoing Brief of Appellants contains no more than 2,307 words and is prepared using Microsoft Word in proportional 14-point Times New Roman font.

Respectfully submitted this the 29th day of November 2021,

**JUSTICE IN ACTION LAW CENTER**

**/s/: Alesha S. Brown**
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Counsel for Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing Brief of Appellant with the Clerk of Court by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Respectfully submitted this the 29th day of November 2021,

**JUSTICE IN ACTION LAW CENTER**

**<u>/s/: Alesha S. Brown</u>**
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Counsel for Appellants*

13